UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _____ |
| | : |
| v. | : |
| | : |
| | : VIOLATION: 18 U.S.C. § 371 |
| UNICREDIT BANK AG, | : (Conspiracy to Defraud the United States |
| | : and to Violate IEEPA) |
| Defendant. | : |
| | : |
| | : FORFEITURE: 18 U.S.C. § 981(a)(1)(C); |
| | 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

## INFORMATION

The United States charges that:

### COUNT ONE

### CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO VIOLATE THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT
(18 U.S.C. § 371)

1.  From in or around January 2002, through in or around December 2011, in the District of Columbia and elsewhere, defendant

**UNICREDIT BANK AG**

and others, both known and unknown to the United States, unlawfully, willfully and knowingly combined, conspired, confederated and agreed with one another to commit offenses against the United States, that is, to defraud the United States and to engage in financial transactions with Sanctioned Entities including Specially Designated Nationals (SDNs) in violation of the International Emergency Economic Powers Act (IEEPA), Title 50, United States Code, Sections 1702 and 1705, and the executive orders, regulations, and embargoes issued thereunder.

2.  The goal of the conspiracy was for UNICREDIT BANK AG and others, both known and unknown to the United States, to profit financially by engaging in a conspiracy and a

scheme to defraud the United States and to violate IEEPA, and the executive orders, regulations, and embargoes issued thereunder.

3.  A further goal of the conspiracy was for UNICREDIT BANK AG and others both known and unknown to the United States, to violate executive orders and regulations prohibiting the exportation, directly and indirectly, of financial services from the United States to Sanctioned Entities, which are geographies, entities, and individuals sanctioned by the United States Department of the Treasury's Office of Foreign Assets Control (OFAC), which is located in the District of Columbia, or entities and individuals designated as SDNs by OFAC.

4.  A further goal of the conspiracy was for UNICREDIT BANK AG to process payments on behalf of Sanctioned Entities while omitting information to the payments' origins to prevent those transactions from being flagged or denied.

5.  A further goal of the conspiracy was that UNICREDIT BANK AG eliminated or withheld payment information that would have revealed the involvement of Sanctioned Entities and used alternative payment methods to mask the involvement of Sanctioned Entities.

## **MANNER AND MEANS**

6.  Among the manner and means by which UNICREDIT BANK AG, the defendant, and its co-conspirators carried out the conspiracy were the following:

    a.  UNICREDIT BANK AG intentionally used a non-transparent method of payment messages, known as cover payments, to conceal the involvement of Sanctioned Entities, including banks and other entities located in or controlled by countries subject to U.S. sanctions, including Iran, in U.S. dollar transactions processed through U.S. financial institutions located in New York, New York.

b. UNICREDIT BANK AG created a policy manual that instructed employees to process transactions with Sanctioned Entities in an "OFAC-neutral" manner so that "no US bank can see OFAC contents" in any payment message processed through U.S. financial institutions.

c. UNICREDIT BANK AG followed instructions from Sanctioned Entities not to mention the names of Sanctioned Entities in U.S. dollar payment messages sent to U.S. financial institutions.

d. UNICREDIT BANK AG removed information identifying Sanctioned Entities from U.S. dollar payment messages to conceal the involvement of Sanctioned Entities from U.S. financial institutions.

e. UNICREDIT BANK AG opened U.S. dollar accounts for the Islamic Republic of Iran Shipping Lines (IRISL) and its related entities, known as "safe accounts." UNICREDIT BANK AG and IRISL used these safe accounts to automatically transfer funds from bank accounts for IRISL-related entities to an IRISL target account. On or about September 10, 2008, OFAC sanctioned IRISL and its related companies and vessels for its involvement in weapons of mass destruction proliferation activity. After that time, UNICREDIT BANK AG used its accounts to send IRISL-related payments through the United States in a manner that concealed information from U.S. financial institutions showing that IRISL and its related companies were the true originator or beneficiary of the payment.

**OVERT ACTS**

7. In furtherance of the conspiracy and to achieve the objects and purposes thereof, UNICREDIT BANK AG and its co-conspirators, both known and unknown to the United States, committed and caused to be committed, in the District of Columbia and elsewhere, the following overt acts, among others:

    a. On or about October 2, 2008, UNICREDIT BANK AG caused an unaffiliated U.S. financial institution located in New York, New York (U.S. Bank 1) to process an approximately $3,609,492 million U.S. dollar transaction involving a Sanctioned Entity in Iran by concealing from U.S. Bank 1 the involvement of the Sanctioned Entity. UNICREDIT BANK AG failed to seek or obtain a license or other permission from OFAC for this transaction.

    b. On or about October 6, 2008 UCB AG caused U.S. Bank 1 to process an approximately $1,761,943 U.S. dollar transaction on behalf of a Sanctioned Entity in Iran by concealing from U.S. Bank 1 the involvement of the Sanctioned Entity. UNICREDIT BANK AG failed to seek or obtain a license or other permission from OFAC for this transaction.

    c. On or about July 16, 2010, UCB AG caused U.S. Bank 1 to process an approximately $205,961 U.S. dollar transaction involving a Sanctioned Entity in Iran by concealing from U.S. Bank 1 the involvement of the Sanctioned Entity. UNICREDIT BANK AG failed to seek or obtain a license or other permission from OFAC for this transaction

**(Title 18, United States Code, Section 371)**

### FORFEITURE ALLEGATION

8. Upon conviction for the offense alleged in Count One, UNICREDIT BANK AG shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the offense. The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, which constitutes, or is derived from proceeds traceable to this offense.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

**(Criminal Forfeiture, pursuant to Title 18, United States Code Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))**

4/15/19
DATE

JESSIE K. LIU
UNITED STATES ATTORNEY

*[signature]*

Gregg A. Maisel, D.C. Bar No. 447902
Michelle Zamarin, D.C. Bar No. 474240
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7812

BRIAN A. BENCZKOWSKI
ASSISTANT ATTORNEY GENERAL

DEBORAH L. CONNOR
CHIEF, MONEY LAUNDERING AND
  ASSET RECOVERY SECTION

*[signature]*

Margaret A. Moeser, CA Bar No. 253177
Senior Trial Attorney
Money Laundering and Asset Recovery
Section, Criminal Division
1400 New York Ave., NW
Washington, DC 20005
(202) 598-2345