


**FILED**

APR 18 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



U.S. Department of Justice

Jessie K. Liu
United States Attorney
District of Columbia

Brian A. Benczkowski
Assistant Attorney General
Criminal Division

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

*Robert F. Kennedy Department of Justice Building*
*Pennsylvania Avenue, NW*
*Washington*

April 15, 2019

David D. DiBari, Esq.
Clifford Chance US LLP
2001 K Street, NW
Washington, DC 20006

19CR128 (BAH)

Re:   United States v. UniCredit Bank AG

Dear Mr. DiBari:

This letter sets forth the full and complete plea offer to your client, **UniCredit Bank AG** (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia ("USAO-DC") and the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice's Criminal Division (collectively "the Government"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement").

Please include a notarized copy of the resolution of the Management Board of UniCredit Bank AG which states that your client has authorized this Agreement and has empowered you as its outside counsel to act on its behalf for purposes of this Agreement.

The terms of the offer are as follows:

**1.   Charges and Statutory Penalties**

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and to defraud the United States, all in violation of 18 U.S.C. § 371. Your client hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty of the charged offense. By virtue of the resolution of the Management Board of UniCredit Bank AG (attached as Exhibit B), affirming that the Management Board has authority to enter into this Agreement and has (1) reviewed the Information in this case, the Statement of Offense (attached as Exhibit A), and the proposed Agreement or has been advised

on the contents thereof; (2) consulted with legal counsel in connection with this matter; (3) voted to enter into this Agreement and to admit to the attached Statement of Offense; (4) voted to authorize UniCredit Bank AG to plead guilty to the charge specified in the Information; (5) voted to consent to the entry of the Stipulated Preliminary Order of Forfeiture/Money Judgment in this action; and (6) voted to authorize the corporate officers identified below to execute this Agreement and all other documents necessary to carry out the provisions of this Agreement.

Your client understands that a violation of 18 U.S.C. § 371 carries a maximum fine of $500,000, or a fine of twice the gross gain or gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(d). UniCredit Bank AG may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. Your client also understands that, pursuant to 18 U.S.C. § 3572 and Section 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* 2018 (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any term of supervised release and period of probation. In addition, your client agrees to pay a special assessment of $400 for its felony conviction to the Clerk of the United States District Court for the District of Columbia.

UniCredit Bank AG's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). UniCredit Bank AG cannot withdraw its plea of guilty unless the Court rejects this Agreement or fails to impose a sentence consistent with the Agreement.

### 2.     Factual Stipulations

Your client agrees that the attached Statement of Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty and establishes guilt for the offense charged beyond a reasonable doubt. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information and to also appear for the imposition of sentence. Your client agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Agreement is contingent on your client's acceptance of the Statement of Offense.

### 3.     Additional Charges

In consideration of your client's guilty plea to the above offenses, and the complete fulfillment of all of the obligations under this Agreement, no additional criminal charges shall be filed against UniCredit Bank AG, or its successors-in-interest, by the Government for any violations by UniCredit Bank AG of United States economic sanctions law and regulations, including IEEPA, that occurred between 2002 and 2011, to the extent that UniCredit Bank AG has truthfully and completely disclosed such conduct to the Government as of the date of this Agreement. Nor will the Government bring any civil or further criminal forfeiture action against UniCredit Bank AG based on violations of United States economic sanctions laws and regulations, including IEEPA, that occurred between 2002 and 2011, to the extent that UniCredit Bank AG has

truthfully and completely disclosed such conduct to the Government as of the date of this Agreement. This Agreement provides no immunity or protection, in any manner, for individuals from any criminal investigation or prosecution.

4.  **Sentencing Guidelines Analysis**

The parties agree pursuant to U.S.S.G. § 8C2.10, the sentence is determined by applying 18 U.S.C. §§ 3553 and 3572, because, although the offense conduct to which UniCredit Bank AG is pleading guilty is covered by U.S.S.G. § 2M5.1, Evasion of Export Controls; Financial Transactions with Countries Supporting International Terrorism, that Guideline is not listed under U.S.S.G. § 8C2.1 which governs criminal fines for organizations.

5.  **Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, UniCredit Bank AG and the Government agree that a sentence of criminal forfeiture of up to $393,536,632, a fine of $468,350,000, a period of three years of corporate probation, and a special assessment of $400 is an appropriate sentence and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the inapplicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). UniCredit Bank AG and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. UniCredit Bank AG agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any fine or forfeiture imposed pursuant to this Agreement, including the amounts paid in satisfaction of the criminal forfeiture and fine.

UniCredit Bank AG further admits that the facts set forth in the forfeiture allegation with respect to Count One of the Information and the Statement of Offense justify the court's finding that the proceeds of the charged conspiracy are at least $393,536,632. In connection with this resolution, the Bank agrees that it obtained at least $316,545,816 as a result of the offense charged in Count One and agrees to forfeit this amount to the Government (the "Forfeiture Amount"), as discussed below in Paragraph 14. The Government recognizes that UniCredit Bank AG has agreed to pay $316,545,816 to the New York County District Attorney's Office ("DANY") in connection with its concurrent settlement of its related criminal action. UniCredit has also agreed to pay the following monetary penalties in connection with concurrent related regulatory actions: (a) $157,770,000 to the Board of Governors of the Federal Reserve System (the "Federal Reserve"); and (b) $405,000,000 to the New York State Department of Financial Services ("DFS"). Accordingly, the Government agrees to credit up to $468,350,000 in payments made in connection with these concurrent resolutions toward the criminal fine. Should UniCredit Bank AG not make the payments to the Federal Reserve, DANY, or the DFS, UniCredit Bank AG further agrees that it obtained up to an additional $76,990,816 as a result of the offense charged in Count One ("Additional Forfeiture Amount"). UniCredit Bank AG agrees that a payment in the amount of the Forfeiture Amount plus any associated transfer fees, shall be made by wire transfer pursuant

to instructions provided by the Government no later than fourteen (14) days after the signing of this Agreement.

Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, your client agrees that in the event that, during the Term, it undertakes any change in corporate form, including if it sells, merges, or transfers business operations that are material to your client's consolidated operations, or to the operations of any subsidiaries or affiliates involved in the conduct described in the attached Statement of Offense, as they exist as of the date of this Agreement, whether such sale is structured as a sale, asset sale, merger, transfer, or other change in corporate form, it shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement. UniCredit Bank AG agrees that the failure to include these provisions in the transaction will make any such transaction null and void. Your client shall provide notice to the Government at least thirty (30) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. The Government shall notify your client prior to such transaction (or series of transactions) if it determines that the transaction(s) will have the effect of circumventing or frustrating the enforcement purposes of this Agreement. Nothing herein shall restrict your client from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the Government.

UniCredit Bank AG agrees to waive a pre-sentence investigation and report and consents to any Government's request that the Court conduct a sentencing hearing and impose the sentence on the same date as the entry of the guilty plea.

UniCredit Bank AG and the Government further agree that the following conditions of corporate probation are appropriate in this case, will be part of UniCredit Bank AG's sentence, and UniCredit Bank AG agrees to abide by them:

a. the applicable mandatory conditions of probation described in 18 U.SC. §-3563(a)(1) and U.S.S.G. § 8D1.3(a);

b. UniCredit Bank AG shall not commit any felony violation of United States Federal law, during the term of the probation;

c. UniCredit Bank AG shall continue to participate in, enhance, and abide its compliance program and the compliance program maintained by UniCredit S.p.A.; and

d. UniCredit Bank AG shall continue to cooperate fully with the Government in the manner set forth below in Paragraph 7.

6. **Relevant Considerations**

The Government enters into this Agreement based on the individual facts and circumstances presented by this case and UniCredit Bank AG. Among the factors considered were the following:

    a.    the nature and seriousness of the conduct described in the Statement of Offense, which involved UniCredit Bank AG's export of financial services and falsification of business records for two years on behalf of an Iranian entity designated as a proliferator of weapons of mass destruction, in violation of U.S. economic sanctions laws and regulations;

    b.    UniCredit Bank AG's willingness to acknowledge and accept responsibility under the laws of the United States for the actions of its officers, directors, employees, and agents, as alleged in the Factual Statement;

    c.    UniCredit Bank AG's remediation efforts taken to date;

    d.    UniCredit Bank AG's agreement to continue to enhance its the Department of the Treasury's Office of Foreign Assets Control ("OFAC") sanctions compliance program;

    e.    UniCredit Bank AG's agreement to continue to cooperate with the Government, as set forth in the Agreement;

    f.    UniCredit Bank AG's cooperation with this investigation, including conducting a thorough internal investigation, voluntarily making U.S. and foreign-based employees available for interviews, producing documents to the Government, and collecting, analyzing, and organizing voluminous evidence and information for the Government; and

    g.    UniCredit Bank AG's failure to timely and voluntarily self-disclose the conduct described in the Statement of Offense before the commencement of the investigation into potential violations and UniCredit Bank AG's failure to disclose related conduct at affiliated UniCredit Group banks.

After considering f and g above, the Bank received a discount of 15% on the criminal fine.

7. **Cooperation of the Defendant**

In addition to the conditions of corporate probation set forth above, UniCredit Bank AG shall cooperate fully with the Government in a manner consistent with applicable law and regulations in any and all matters during the probation period. During the probation period, at the request of the Government, UniCredit Bank AG shall also cooperate fully with other domestic law enforcement authorities and agencies in any investigation of UniCredit Bank AG, its affiliates, subsidiaries, or any of its present and former officers, directors, employees, agents, and consultants, or any other party, in any and all matters. The obligation to cooperate with such investigations commenced during the probation period shall continue, notwithstanding the expiration of the probation period, until such investigation is concluded. Such cooperation shall include, but not be limited to the following:

a.  UniCredit Bank AG shall truthfully and completely disclose all information with respect to the activities of UniCredit Bank AG and its current or former officers, directors, agents, affiliates, consultants and employees concerning all matters about which the Government shall inquire;

b.  UniCredit Bank AG shall provide to the Government, upon request, any non-privileged or non-protected document, record, or other materials in UniCredit Bank AG's possession, custody, or control, including collecting and maintaining all records that are potentially responsive to the United States' requests for documents located abroad so that these requests may be promptly responded to;

c.  UniCredit Bank AG shall use its best efforts to make available for interviews or testimony, as requested by the Government, present or former officers, directors, employees, agents, and consultants, in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or relating to other potential violations of sanctions. This obligation includes, but is not limited to, sworn testimony before federal grand juries or federal trials, as well as interviews with domestic law enforcement and regulatory authorities. Cooperation under this paragraph shall include, at the request of the Government, identification of witnesses who, to UniCredit Bank AG's knowledge, may have material information concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or other potential violations of sanctions;

d.  During the probation period, UniCredit Bank AG agrees to maintain an electronic database of Society for Worldwide Interbank Financial Telecommunications ("SWIFT") payment messages and all documents and materials produced by UniCredit to the Government as part of this investigation during the period from 2002 through 2012 in electronic format;

e.  UniCredit Bank AG shall attend all meetings at which the Government requests its presence and use its reasonable best efforts to secure the attendance and truthful statements or testimony of any past or current officers, agents, or employees at any meeting or interview or before the grand jury or at trial or at any other court proceeding concerning the Government's Investigation.

f.  UniCredit Bank AG shall assemble, organize, and provide in a responsive and prompt fashion, and upon request, on an expedited schedule, all documents, records, information and other evidence in UniCredit Bank AG's possession, custody or control related to the Government's investigation as requested by the Government or designated governmental agency, including collecting and maintaining all records that are potentially responsive to the Government's requests for documents located abroad so that these requests may be promptly responded to.

g.  UniCredit Bank AG shall provide to the Government any information and documents that come to UniCredit Bank AG's attention that may be relevant to the Government's investigation, as specified by the Government, including informing the Government of witnesses

who, to UniCredit Bank AG's knowledge, may have material information concerning this ongoing investigation.

        h.      UniCredit Bank AG shall provide testimony or information concerning the conduct set forth in the Information and/or Statement of Offense including but not limited to testimony and information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding as requested by the Government or designated governmental agency. To the extent documents above are in a foreign language, UniCredit Bank AG agrees it will provide, at its own expense, fair and accurate translations of any foreign language documents produced by UniCredit Bank AG to the Government either directly or through any Mutual Legal Assistance Treaties, or other appropriate request for information held outside the United States.

        i.      Nothing in this Agreement shall be construed to require UniCredit Bank AG to produce any documents, records or tangible evidence that are protected by the attorney-client privilege or work product doctrine or other applicable confidentiality, criminal, or data protection laws. To the extent that the Government's request requires transmittal through formal government channels, UniCredit Bank AG agrees to use its best efforts to facilitate such a transfer and agrees not to oppose any request made in accordance with applicable law either publicly or privately.

        j.      UniCredit Bank AG shall bring to the Government's attention all non-frivolous allegations of criminal conduct by UniCredit Bank AG or any of its employees acting within the scope of their employment, as to which UniCredit Bank AG's Management Board, senior management, or United States legal and compliance personnel are aware.

        k.      UniCredit Bank AG shall bring to the Government's attention any administrative, regulatory, civil, or criminal proceeding or investigation of UniCredit Bank AG relating to Government's investigation.

### 8.    Compliance Commitments

UniCredit Bank AG agrees to cooperate with the Government and abide by the following terms:

        a.      UniCredit Bank AG agrees that any compliance consultant imposed by the Federal Reserve on UniCredit Bank AG individually or together with its parent UniCredit S.p.A., and its affiliate UniCredit Bank Austria AG, shall, at UniCredit Bank AG's own expense, submit to the Government any report that it submits to the Federal Reserve subject to receiving the required approvals and consents from the Federal Reserve, as applicable.

        b.      UniCredit Bank AG agrees to abide by any and all requirements of the Settlement Agreement, dated April 15, 2019, by and between OFAC and UniCredit Bank AG regarding remedial measures or other required actions related to this matter.

        c.      UniCredit Bank AG agrees to abide by any and all requirements of a Cease and Desist Order, dated April 15, 2019, by and between the Federal Reserve and UniCredit Bank

AG, UniCredit S.p.A., and UniCredit Bank Austria AG regarding remedial measures or other required actions related to this matter.

        d.     UniCredit Bank AG agrees to abide by any and all requirements of the Consent Order, dated April 15, 2019, by and between the DFS and UniCredit Bank AG, UniCredit S.p.A., and UniCredit Bank Austria AG regarding remedial measures or other required actions related to this matter.

        e.     UniCredit Bank AG agrees to continue to implement a compliance and ethics program designed to prevent and detect violations of U.S. sanctions laws and regulations throughout its operations, including those of its affiliates, agents, subsidiaries, and joint ventures whose operations include managing customer accounts for customers subject to sanctions administered by OFAC, processing payments denominated in U.S. dollars, and directly or indirectly supervising such operations.

        f.     UniCredit Bank AG agrees to continue to implement compliance procedures and training designed to ensure that the relevant UniCredit Bank AG compliance officer in charge of OFAC sanctions is made aware in a timely manner of any attempts by any person or entity (including, but not limited to, UniCredit Bank AG's employees, UniCredit Bank AG's customers, financial institutions, companies, organizations, groups, persons, or agents) to circumvent or evade U.S. sanctions laws, including but not limited to, apparent circumvention attempts involving deceptive business practices, suspected front companies, withholding or altering names or other identifying information. UniCredit Bank AG shall report to the Government the name and contact information, if available, of any entity that makes such a request. UniCredit Bank AG further agrees to timely report to the Government any known attempts by any UniCredit Bank AG employees to circumvent or evade U.S. sanctions laws.

        g.     UniCredit Bank AG agrees to continue to complete sanctions training, covering United States, United Nations, and European Union sanctions and trade control laws for all employees (1) involved in the processing or investigation of U.S. dollar payments and all employees and officers who directly or indirectly supervise these employees; (2) involved in execution of U.S. dollar denominated securities trading orders and all employees and officers who directly and indirectly supervise these employees; and (3) involved in transactions or business activities involving any nation or entity subject to U.S., U.N., or E.U. sanctions, including the execution of cross-border payments.

        h.     UniCredit Bank AG agrees to continue to apply the OFAC SDN and Blocked Persons lists to U.S. dollar transactions, acceptance of customers, and all U.S. dollar cross-border SWIFT incoming and outgoing messages involving payment instructions or electronic transfer of funds.

        i.     UniCredit Bank AG agrees to not knowingly undertake any U.S. dollar cross-border electronic transfers or any other U.S. dollar transactions for, on behalf of, or in relation to any person or entity resident or operating in, or the government of, Iran, North Korea, Syria, Cuba, or Crimea that is prohibited by U.S. law or OFAC regulations.

j.  UniCredit Bank AG agrees that is shall notify the Government of non-frivolous evidence of any potential violations of U.S. sanctions laws occurring during the period of its conditional discharge ("Potential Violations"). UniCredit Bank AG further agrees that it will provide the requisite notification to the Government of Potential Violations within thirty (30) days of determining the existence of non-frivolous evidence of a Potential Violation.

k.  UniCredit Bank AG agrees that it will report to the Offices annually regarding remediation and implementation of compliance enhancements imposed or implemented under its agreements with the Offices, the Federal Reserve, the DFS, or OFAC. Such report should consist of information regarding the status of the Bank's compliance with U.S. economic sanctions laws and with any remediation required by the Federal Reserve or the DFS. The report will likely include proprietary, financial, confidential, and competitive business information. Moreover, public disclosure of the report could discourage cooperation or impede pending or potential government investigations and thus undermine the objectives of the reporting requirement. For these reasons, among others, the report and the contents thereof are intended to and shall remain non-public, except as otherwise agreed to the parties in writing, or except to the extent that the Offices determine in their sole discretion that disclosure would be in furtherance of the Offices' discharge of their duties and responsibility or is otherwise required by law.

### 9. Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a three-year term of probation including payment of a criminal forfeiture of up to $393,536,632 and a criminal fine of $468,350,000, less any applicable credits, and a $400 special assessment. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

### 10. Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges, including before your client enters any guilty plea in this case. If the Court rejects this Plea Agreement or fails to impose a sentence consistent herewith, and UniCredit Bank AG withdraws the plea or the Government withdraws from this Agreement, the Plea Agreement shall be null and void.

### 11. Court Not Bound by this Agreement

In accordance with Paragraph 10 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence of a fine of $468,350,000 constitutes a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client also acknowledges in this circumstance that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty if the Court does not follow the Government's sentencing recommendation.

### 12. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Your client further understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure and your client does not maintain its guilty plea, or, if your client withdraws its guilty plea, at any time. In such an event, the Government reserves its right to recommend a sentence of a fine up to the maximum fine allowable by law and to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty.

### 13. Waivers

#### A. Venue

Your client waives any challenge to venue in the District of Columbia. UniCredit Bank AG agrees that, should the conviction following this plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution may proceed in the District of Columbia.

#### B. Statute of Limitations

UniCredit Bank AG agrees that, should it withdraw its plea of guilty, should the Court reject the plea or guilty, or should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any conduct that has been disclosed to the Government during the course of this investigation that is not time-barred) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

#### C. Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws its guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon

by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

Your client acknowledges and agrees that its counsel has rendered effective assistance.

### D.    Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, term or condition of probation, authority of the Court to set conditions of probation, and the manner in which the sentence was determined, and also including the appeal of any sentence imposed if the Court rejects this Agreement and neither party withdraws from the Agreement. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.    Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack available under law, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### 14.    Forfeiture

UniCredit Bank AG agrees that the facts set forth in the Statement of Offense and admitted by UniCredit Bank AG establish that the Forfeiture Amount, as alleged in the Information, is forfeitable to the United States as proceeds obtained by UniCredit Bank AG or its subsidiaries or traceable to or involved in the violations set forth in Count One of the Information, or as a substitute res for proceeds. UniCredit Bank AG consents to the entry of the Stipulated Preliminary Order of Forfeiture/Money Judgement attached as Exhibit C and agrees that the Stipulated Preliminary Order of Forfeiture/Money Judgment shall be final as to your client at the time of sentencing and become part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

By this Agreement, and pursuant to the Stipulated Preliminary Order of Forfeiture/Money Judgment, UniCredit Bank AG agrees to the entry, at sentencing, of a Final Order of Forfeiture

Page 12

relating to the Forfeiture Amount in this action, less any applicable credit. Upon the transfer of the Forfeiture Amount to the United States, UniCredit Bank AG shall release any and all claims it may have to such funds, consistent with the Stipulated Preliminary Order of Forfeiture/Money Judgment, and execute such documents as are necessary to accomplish the forfeiture of the Forfeiture Amount. UniCredit Bank AG agrees that it shall not file any petitions for remission, restoration, or any other assertion of ownership or request for return relating to the Forfeiture Amount, or any other action or motion seeking to collaterally attach the seizure, restraint, forfeiture, or conveyance of the Forfeiture Amount, nor shall it assist any others in filing any such claims, petitions, actions, or motions.

UniCredit Bank AG agrees that, if it does not pay the United States the Forfeiture Amount within fourteen (14) days after the signing of the this Agreement, this Agreement permits the Government to seek to forfeit any of its assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, UniCredit Bank AG agrees to forfeiture of all interest in: (1) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which it is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p); 28 U.S.C. § 2461. The Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture UniCredit Bank AG has consented to in this Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, UniCredit Bank AG agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. UniCredit Bank AG understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

UniCredit Bank AG agrees that if it does not make its payments in full to the Federal Reserve, DANY, and DFS, it further agrees to pay the Additional Forfeiture Amount. UniCredit Bank AG agrees that any payment of the Additional Forfeiture Amount shall be subject to all of the terms of the forfeiture provision outlined in paragraph 14. Should UniCredit Bank AG fail to make its payments to these agencies, the Additional Forfeiture Amount will be due immediately and paid pursuant to directions provided by the Offices.

UniCredit Bank AG agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 15. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty

Page 13

plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 16. Public Statements

UniCredit Bank AG expressly agrees that it shall not cause to be made, through their attorneys, boards of directors, agents, officers, employees, consultants or authorized agents (including contractors, subcontractors, or representatives), including any person or entity controlled by any of them, any public statement contradicting or excusing any statement of fact contained in the Statement of Offense. Any such public statement by UniCredit Bank AG, its attorneys, boards of directors, agents, officers, employees, consultants, contractors, subcontractors, or representatives, including any person or entity controlled by any of them, shall constitute a willful and material breach of this Agreement as governed by Paragraph 15 of this Agreement, and the Government would then be released from its obligations under this agreement. The decision of whether any public statement by any such person contradicting or excusing a fact contained in the Statement of Offense will be imputed to UniCredit Bank AG for the purpose of determining whether the Agreement has been materially breached shall be in the sole and reasonable discretion of the Government.

Upon the Government's notification to UniCredit Bank AG of a public statement by any such person that in whole or in part contradicts or excuses a statement of fact contained in the Statement of Offense, UniCredit may avoid breach of this Agreement by publicly repudiating such statement within seventy-two hours after notification by the Government. UniCredit Bank AG shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Offense provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Offense. This paragraph

Page 14

does not apply to any statement made by any present or former officer, director, employee, or agent of UniCredit Bank AG in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of UniCredit Bank AG. Subject to this paragraph, UniCredit Bank AG retains the ability to provide information or take legal positions in litigation or other regulatory proceedings in which the Government is not a party.

UniCredit Bank AG agrees that if they issue a press release or hold any press conference in connection with this Agreement, UniCredit Bank AG shall first consult with the Government to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the parties; and (b) whether the Government has any objection to the release.

### 17. Prosecution by Other Agencies or Jurisdictions

This Agreement binds only the USAO-DC and MLARS. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any State or local prosecutor. These individuals and agencies remain free to prosecute UniCredit for any offenses committed within their respective jurisdictions. This Agreement also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. The USAO-DC and MLARS agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Agreement and the cooperation, if any, provided by UniCredit.

### 18. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia and an Attorney for the Money Laundering and Asset Recovery Section.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than April 15, 2019.

Sincerely yours,

Jessie K. Liu
United States Attorney

By: *[signature]*

Gregg A. Maisel
Michelle A. Zamarin
Assistant United States Attorneys

Brian A. Benczkowski
Assistant Attorney General
Criminal Division

Deborah L. Connor
Chief, Money Laundering and Asset Recovery Section

By: *[signature]*

Margaret A. Moeser
Senior Trial Attorney

## DEFENDANT'S ACCEPTANCE

The Management Board of UniCredit Bank AG have hereby authorized, empowered and directed me, on behalf of UniCredit Bank AG, to execute this Plea Agreement. I have read every page of this Agreement and have discussed it with the Management Board of UniCredit Bank AG and outside counsel for the bank, Clifford Chance US LLP. The Management Bsoard of UniCredit Bank AG fully understand this Agreement and have authorized me to agree to it on behalf of UniCredit Bank AG without reservation. UniCredit Bank AG enters into this agreement voluntarily and of its own free will, intending to be legally bound. No threats have been made to UniCredit Bank AG nor is UniCredit Bank AG under the influence of anything that could impede its ability to understand this Agreement fully. UniCredit Bank AG is pleading guilty because it is in fact guilty of the offense(s) identified in this Agreement.

UniCredit Bank AG reaffirms that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with its decision to plead guilty except those set forth in this Agreement. UniCredit Bank AG is satisfied with the legal services provided by it attorney in connection with this Agreement and matters related to it.

Date: April 14, 2019

Andreas Früh
General Counsel
UniCredit Bank AG

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, UniCredit Bank AG and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: April 18, 2019

David D. DiBari
Attorney for Defendant